151 So.2d 834 (1963)
RIVERSIDE BANK OF JACKSONVILLE, a corporation, Appellant,
v.
FLORIDA DEALERS AND GROWERS BANK, a corporation, Thomas J. Collins, Mary L. Collins, Allin Yates, and E.W. Yates, Appellees.
No. E-130.
District Court of Appeal of Florida. First District.
April 16, 1963.
Austin, Basford & Millar, Jacksonville, for appellant.
Mathews, Osborne & Ehrlich, Jacksonville, for appellees.
WIGGINTON, Judge.
This appeal is from a final decree on the pleadings rendered in favor of appellee, Florida Dealers and Growers Bank. The propriety of the decree is the principal question presented for our consideration.
From the pleadings filed in the cause it appears that E.W. Yates drew a check on his account in Riverside National Bank of Jacksonville payable to one Allin Yates in the sum of $4,772.00. The check bearing only Allin Yates' endorsement was deposited in plaintiff Florida Dealers and Growers Bank and credited to the account of one Thomas J. Collins. The check was negotiated in the regular course of business *835 through the clearing house at Jacksonville upon the guarantee of Growers Bank of all prior endorsements. When the check was presented to the Riverside Bank for payment the proceeds were duly paid to the Growers Bank and the account of E.W. Yates was charged with the full amount of the check.
E.W. Yates made claim against the Riverside Bank for the amount charged his account upon the contention that the check was delivered to the payee as security for a loan subsequently repaid and the purported endorsement of the payee Allin Yates on the check was a forgery. A like demand was made by him on the Growers Bank. Riverside Bank alleges that it became liable to its depositor E.W. Yates for the amount charged against his account for having cashed the check bearing a forged endorsement of the payee. Because of its presumed liability to its depositor, Riverside Bank made claim against the Growers Bank for the full amount of the check because of Riverside's reliance upon the latter's guarantee of all prior endorsements appearing on the check.
Growers Bank instituted this action as a suit in the nature of interpleader. By its complaint it alleged the foregoing facts, and deposited in the court registry the full amount of the check in question. The Riverside Bank, E.W. Yates, Thomas J. Collins and his wife, Mary L. Collins, were all made parties defendant to the cause. E.W. Yates answered the complaint and counterclaimed against Growers Bank for the full amount of the check charged against his account in the Riverside Bank. Upon motion of plaintiff the counterclaim filed by E.W. Yates was stricken.
Riverside Bank answered the complaint and counterclaimed alleging its payment of the check proceeds to Growers Bank, and likewise alleging its liability to E.W. Yates for having wrongfully charged the amount of the check against his account upon the forged endorsement. The counterclaim alleged that in the event Riverside Bank is held liable to E.W. Yates for the full amount of the check so charged against his account, then it is entitled to recover from Growers Bank the full amount of its liability because of the guarantee of the forged endorsement made by Growers Bank when it negotiated the check for payment in the regular course of business. Growers Bank neither moved to strike nor dismiss Riverside Bank's counterclaim, nor did it file a reply in response thereto.
It was upon the foregoing state of the pleadings that Growers Bank filed its motion for final decree on the pleadings. Upon consideration of this motion the chancellor rendered a decree discharging Growers Bank from the cause and enjoining all defendants from prosecuting any suit or claim against Growers Bank on account of the fund deposited in the court registry. The decree awarded Growers Bank the sum of $35.00 for costs expended by it in bringing the action, and ordered this sum to be paid from the fund deposited in the court registry.
From the facts properly alleged in the foregoing pleadings it readily appears that if in the final disposition of this cause it is ultimately decreed that E.W. Yates is entitled to recover the full amount of the check wrongfully charged against his account, the balance of the fund on deposit in the court registry will be insufficient to satisfy such decree. This is so for the reason that the fund has already been depleted to the extent of $35.00 disbursed to Growers Bank as costs, and may well be further depleted if charged with such additional costs as may be incurred prior to the final disposition of the cause. If it is decreed that Riverside Bank is liable to E.W. Yates for having wrongfully charged his account for the full amount of the check based upon a forged endorsement for which credit must now be given, then Riverside Bank will be liable for the difference between the amount charged against Yates' account, and the amount of funds which may remain as a balance in the court registry after all costs and expenses of litigation have been *836 paid therefrom. In this event, Riverside would have a valid cause of action against Growers Bank for any liability it may thereby suffer by virtue of the guarantee made by Growers Bank of all prior endorsements on the check made by it at the time the check was cleared by Riverside Bank in the regular course of business
Under these circumstances it clearly appears that if it is established that the payee's endorsement on the check was a forgery, then Growers Bank incurred a liability to Riverside under its guarantee of the forged endorsement for such damages to which Riverside Bank may be ultimately subjected.
It is first contended on this appeal that the chancellor erred in rendering a decree on the pleadings before Riverside Bank's counterclaim was answered or otherwise assaulted by Growers Bank and disposed of by proper order of the court. With this contention we are impelled to agree. The rules of procedure relating to civil actions provide that after the pleadings are closed, and within such time as not to delay the trial, any party may move for judgment or decree on the pleadings.[1] In the Davis case[2] this court specifically held that a decree on the pleadings rendered at a time when an outstanding counterclaim had not been answered was unauthorized and must be reversed
Appellee Growers Bank contends that in an interpleader action the parties defendant are precluded from maintaining a counterclaim against the plaintiff interpleader. It reasons that since the counterclaim filed by Riverside Bank is not permitted in a case of this kind, the chancellor properly ignored its existence and should not be held in error for having rendered the decree on the pleadings prior to the time they were closed. With this contention we are unable to agree.
If we assume, as contended by Growers Bank, that a counterclaim against the plaintiff is not permitted in an interpleader suit, the obligation nevertheless rests upon the plaintiff to secure an order either striking or dismissing the counterclaim before moving for a decree on the pleadings. This the plaintiff failed to do, and his position cannot be strengthened by the argument that under the circumstances the counterclaim could properly be ignored.
Furthermore, we are unable to agree with the premise that under the circumstances of this case the counterclaim is not maintainable. Before an action may fall within the category of strict interpleader, four indispensable conditions must appear from the pleadings, to-wit: (1) the claims must be dependent or have a common origin; (2) the same thing, debt (or duty) or stake must be claimed by defendants; (3) the plaintiff must have no interest in the subject matter  that is, in strict interpleader as distinguished from a suit in the nature of interpleader; and (4) the plaintiff must be in a position of indifference, having incurred no independent liability to either of the claimants, but must stand indifferent between them merely as a stakeholder, and it must appear that no act on his part has caused the embarrassment of conflicting claims and the peril of double vexation.[3]
From the facts alleged in the pleadings filed in this cause it appears that Growers Bank is not in the position of having incurred no independent liability to the Riverside Bank. It was by virtue of the guarantee of the allegedly forged endorsement made by Growers Bank which induced the Riverside Bank to pay the check and charge the amount thereof against E.W. Yates' account, thereby embarrassing both Yates and Riverside Bank in the transaction. Because of this act, *837 innocent of any intentional wrongdoing as it may have been, Growers Bank must answer for any liability to which Riverside Bank may ultimately be subjected in the final determination of this cause. Under the circumstances this action is not one in strict interpleader, but is a suit in the nature of interpleader which has for its primary purpose the prevention of a multiplicity of suits growing out of the transaction, and in which the rights and liability of all the parties should be adjudicated only after final hearing upon the evidence adduced in support of the issues made by the pleadings filed in the cause.
The decree appealed is accordingly reversed and the cause remanded for further proceedings consistent with the views expressed herein.
CARROLL, DONALD K., Chief Judge, and STURGIS, J., concur.
NOTES
[1] Rule 1.11(c), 1954 Rules of Civil Procedure, 30 F.S.A.
[2] Davis v. Davis, (Fla.App. 1960) 123 So.2d 377.
[3] Paul v. Harold Davis, Inc., (Fla. 1945) 155 Fla. 538, 20 So.2d 795.