DANIEL S. PEARSON, Judge.
This is an appeal from a summary judgment determining that General Mica Corporation, the plaintiff in this interpleader action, was a disinterested stakeholder in a dispute between the defendants, Treasure Cay, Ltd. and Matthew Michael Interiors, Inc., and that the interpleader action was appropriate. The judgment went on to grant the primary relief sought therein, that is, the court’s authorization to deposit certain goods into the registry of the court. Concluding that General Mica’s complaint did not state a cause of action for inter-pleader, we reverse.
General Mica is a manufacturer of rattan chairs. Through Matthew Michael Interiors, Inc., an interior decorator cum broker, General Mica agreed to sell to Treasure Cay, Ltd. 128 chairs for $24,448. After Treasure Cay paid for the chairs and demanded delivery, General Mica, having been informed by the broker that Treasure Cay had not paid all of the commissions due the broker under the contract between the broker and buyer, withheld delivery of the chairs and commenced its interpleader action. According to General Mica, its dilemma was that the broker threatened to hold General Mica responsible in damages if it delivered the chairs to Treasure Cay, and Treasure Cay threatened to hold General Mica responsible if it did not deliver the chairs.
Not all dilemmas — and surely no imaginary ones — qualify as causes of action in interpleader. As the author’s comment to Florida’s interpleader rule, Fla.R.Civ.P. 1.240, tells us:
“In Riverside Bank v. Florida Dealers & Growers Bank, 151 So.2d 834 (Fla. D.C.A. 1st 1963), four indispensable conditions are outlined which must appear *867 from the pleadings before an action may fall within the category of strict inter-pleader, to-wit: (1) the claims must be dependent or have a common origin; (2) the same thing, debt (or duty) or stake must be claimed by the defendants; (3) the plaintiff must have no interest in the subject matter — that is, in strict inter-pleader as distinguished from a suit in the nature of interpleader; and (4) the plaintiff must be in a position of indifference, having incurred no independent liability to either of the claimants, but must stand indifferent between them merely as a stakeholder, and it must appear that no act on his part has caused the embarrassment of conflicting claims and the peril of double vexation.” 30 Fla.Stat. Ann. 366 (1985).
It is clear to us that General Mica’s claim falls far short of satisfying all, if indeed it can satisfy any, of the indispensable conditions for interpleader. General Mica, the alleged stakeholder, was not subject to the “peril of double vexation” since only the buyer, not the broker, laid claim to the stake — the chairs. In the like case of Fogg v. Goode, 78 Fla. 138, 82 So. 614 (1919), the court held improper an interpleader action filed by a debtor faced with the allegedly conflicting claims of (1) an estate by virtue of the debtor’s note payable to the decedent and (2) a third party who claimed that the decedent (and thus the estate) owed him one-half the value of the note, a claim which the decedent had, before his death, acknowledged to the debtor. In Fogg, the interpleading plaintiff was indebted to only one of the defendants, the decedent’s estate. That the plaintiff in Fogg had been notified by the decedent of the separate debt owing to the third party and had received a demand for this debt from the third party did not expose the plaintiff to double liability. Likewise, in the present case, General Mica owed the duty to deliver chairs only to the buyer, Treasure Cay. That General Mica was cognizant of the broker’s claim that Treasure Cay owed commissions to the broker, or even cognizant that the agreement between Treasure Cay and the broker gave the broker the right to stop a seller from shipping goods upon the buyer’s failure to pay commissions, did not create any debt or duty owed by the plaintiff to the broker.[1] Thus, as in Fogg, the plaintiff here was not exposed to double liability, and, as in Fogg, the so-called competing claims did not, as they were required to, derive from a common origin, since the buyer’s claim arose from its contract with the seller, while the broker’s claim arose from its contract with the buyer.[2]
Thus, an action for interpleader does not lie, and the judgment for the plaintiff, General Mica, is reversed. Upon remand, the trial court is directed to enter judgment for Treasure Cay, Ltd. and to conduct such further proceedings as are necessary and consistent herewith.
Reversed.

. The broker could have sought to enforce the contract between it and the buyer by suing the buyer for the unpaid commissions and simultaneously seeking an injunction against the seller to stop the shipment of goods to the buyer as apparently the broker-buyer contract would allow.

. General Mica’s reliance on Bache Halsey Stewart Shields, Inc. v. Witous, 411 So.2d 1324 (Fla. 2d DCA 1982), and Joe Hatton, Inc. v. Conner, 247 So.2d 782 (Fla. 4th DCA 1971), is completely unavailing. In these cases, the competing claims had a common origin, the debts asserted by the defendants were owing by the plaintiff, and the plaintiff was exposed to multiple liability-