WIGGINTON, Judge.
Appellant appeals an order granting ap-pellee Appelquist & Ripley, Inc.'s motion to dismiss his counterclaim and allowing ap-pellee to interplead the sum of $5,176. We affirm in part and reverse in part.
Appellee, Appelquist & Ripley, filed a “Complaint for Interpleader” alleging: Ap-pelquist & Ripley hold $5,176 which is due as a sales commission to appellant, who was employed by Appelquist & Ripley as a real estate agent; A.M. Redd, Jr. Money Purchase Pension Plan (Redd) [named in this cause as an appellee, but not taking part in this appeal] also claims the money by virtue of a December 1985 letter written by Appelquist & Ripley to Redd; the letter recognized that appellant owed Redd a sum of money pursuant to a promissory note; in the letter, Appelquist & Ripley informed Redd that it would issue Redd a check in the amount of that note immediately following the closing “on the +/ — acres purchased from Escambia Construction Company. ... It is further understood that this note will not exceed $10,000 and is contingent on the closing of subject sale.” The complaint further referred to a February 1987 letter written by Redd to Appel-quist & Ripley making demand for payment on the $10,000 note. Stating that it was unable to determine which party is entitled to payment of the $5,176, Appel-quist & Ripley sought to interplead those funds.
Appellant moved to dismiss the complaint for interpleader asserting that the December 1985 letter stated specifically that Appelquist & Ripley’s agreement to pay Redd was contingent upon the closing of the 27-acre tract; the complaint for interpleader does not allege that the closing ever occurred; if the closing did not occur, Redd has no claim against Appel-quist & Ripley and the action for inter-pleader cannot lie. The trial judge denied appellant’s motion to dismiss.
Rule 1.240, Florida Rules of Civil Procedure, provides that an interpleader action may be instigated when “the plaintiff is or may be exposed to double or multiple liability.” In Treasure Cay, Ltd. v. General Mica Corporation, 489 So.2d 867 (Fla. 3d DCA 1986), the Court recognized that: “Not all dilemmas — and surely no imaginary ones — qualify as causes of action in interpleader.” In that case, the court determined that the party seeking interpleader was not subject to the “peril of double *344 vexation” since only one defendant named in the suit had legal claim to the money sought to be interpleaded. Similarly, in the instant case, appellee has not sufficiently shown that it has any legal obligation to Redd in regard to the $5,176 in issue. The only basis for such an obligation is the representation contained in the December 1985 letter. However, without regard to whether that letter imposes a legal obligation upon Appelquist & Ripley, the complaint and the record are devoid of any indication that the condition precedent to that alleged obligation — the closing of the sale to which it refers — has occurred. In fact, the other pleadings in the record indicate that the closing did not occur. Thus, since Appelquist & Ripley has failed to properly allege any liability on its part to more than one party (appellant) in regard to the $5,176, no cause of action for inter-pleader exists. Therefore, the denial of appellant’s motion to dismiss the complaint for interpleader was error.
We find no error in the trial court’s dismissal of appellant’s counterclaim.
AFFIRMED in part and REVERSED in part.
MILLS and SHIVERS, JJ., concur.