STONE, Judge.
We reverse a trial court order dismissing an interpleader action filed by Shearson. Conflicting claims were made against Shearson by Carol Adler and her 87-year-old father, Samuel Motzkin, involving the proceeds of a treasury bond.
The bond was initially in the name of Motzkin and his deceased wife. Motzkin asserts that his daughter had him endorse the bond at the Shearson office using deceit and undue influence and that she subsequently, without his knowledge or consent, had Shearson obtain a substitute bond in her name alone. Shearson now holds the proceeds from the sale of the substitute bond which came due after the litigation started. Demand was made on Shearson not to distribute the bond or its proceeds to Adler as Motzkin claimed ownership, conversion, and a beneficial interest with respect to the proceeds of the original bond.
By way only of a motion to dismiss, Adler contended that her father’s claim cannot be used by the broker, even by way of filing an interpleader action, to deprive her of a contractual right to immediate distribution as the account holder in whose name the substitute bond was obtained.
The trial court determined as a matter of law that an interpleader is not authorized on these allegations as Motzkin can bring a separate action for damages against Adler even after the broker distributes the bond proceeds to her. The court granted the motion to dismiss and at the same time ordered Shearson to deliver the substitute bond or its proceeds to Adler. We note that the trial court’s order directing Shear-son to distribute was also effectively a ruling on the merits regarding Shearson’s obligation, if any, to Motzkin as his agent or bailee. No evidentiary hearing has been held.
Under Florida Rule of Civil Procedure 1.240 an interpleader may be brought where a plaintiff is faced with conflicting claims that may result in double or multiple liability. The rule provides that “it is not ground for objection to the joinder that the claim[s] ... do not have a common origin or are not identical but are adverse to and independent of one another....” On the face of this record, prior to the trial court order, Shearson was' faced with conflicting claims to the same asset in its custody and risked exposure to double liability unless the claims are resolved in one action. Therefore, the trial court erred in dismissing the action and the orders thereon are reversed for further proceedings. Having determined that the cause may be brought pursuant to the rule, we need not address whether all elements of common law inter-pleader are met on these pleadings.
WARNER and FARMER, JJ., concur.