670 So.2d 92 (1996)
Calvin W. PRINCE and Betsy K. Prince, et al., Appellants,
v.
Charles W. UNDERHILL and Travel About of the Space Coast, Inc., Appellees.
No. 94-2056.
District Court of Appeal of Florida, Fifth District.
February 16, 1996.
Rehearing Denied March 26, 1996.
*93 A. Van Catterton, Jr. of A. Van Catterton, Jr., P.A., Melbourne for Appellants.
Charles A. Schillinger of Stewart B. Capps, P.A., Indiatlantic for Appellee, Charles W. Underhill.
Vincent G. Torpy, Jr. of Frese, Nash & Torpy, P.A., Melbourne, for Appellee, Travel About of the Space Coast, Inc.
THOMPSON, Judge.
Calvin W. Prince, Betsy K. Prince, and Corporate Business Passports, Inc. (herein collectively, "Prince") appeal the trial court's order denying their motion for interpleader and for attorney's fees, made pursuant to rule 1.240 of the Florida Rules of Civil Procedure. For several reasons, we affirm.
This case began with failed negotiations between Charles W. Underhill ("Underhill") and James I. Maxner and Katherine J. Boyle Maxner (collectively "Maxner"). Maxner was the principal and owner of a travel agency known as Travel About, Inc. f/k/a Travel About Brevard, Inc. ("Travel About"). Through Maxner, Travel About negotiated to sell the business assets to Underhill but did not close the sale. Underhill sued Travel About and received a summary judgment in the amount of $85,706.
After Underhill's lawsuit had been filed, but before the judgment had issued, Maxner formed another corporation, Travel About of the Space Coast, Inc. ("TASC"). Maxner assigned all the assets of Travel About to TASC. The basis for the transfer was that Maxner had made a loan to Travel About, repayment of which was secured by the assets, equipment, fixtures, and accounts receivable of Travel About. As proof of the loan, Maxner produced a note which pre-dated Underhill's litigation. Underhill first became aware of the transfer when he deposed *94 James I. Maxner in supplementary proceedings to collect on his judgment. Underhill had filed a motion to implead Maxner and TASC to collect his judgment. In his motion to implead, he alleged Maxner had made a fraudulent conveyance to defeat the judgment. Underhill then sought to implead appellant Prince, which, Underhill alleged, was in the process of acquiring the assets of TASC.
In turn, Prince filed an interpleader action against Underhill and TASC. Prince alleged that it had purchased the assets of TASC through cash and promissory notes, and that it had no interest in the installment payments due under the notes. Prince alleged that it was in doubt as to which party to make payments and did not want to be obligated "to double or multiple liability." Accordingly, it requested that the court require Underhill and TASC "to interplead and litigate between themselves their rights, if any, to the installment payments due under the respective promissory notes," and that the court award it costs and reasonable attorney's fees incurred as a result of the interpleader action. Prince offered to pay into the registry of the court the payments due TASC under the promissory notes it signed as part of the purchase and sale agreement.
Prince successfully moved to consolidate its interpleader action with Underhill's supplementary proceedings. Prince thereafter moved for an order of interpleader and for an award of attorney's fees and costs, and appeals the denial of this motion.
In order for Prince to maintain an interpleader action, Prince's pleadings must establish that the following conditions are satisfied:
(1) the claims must be dependent or have a common origin; (2) the same thing, debt (or duty) or stake must be claimed by defendants; (3) the plaintiff must have no interest in the subject matter ...; and (4) the plaintiff must be in a position of indifference, having incurred no independent liability to either of the claimants, but must stand indifferent between them merely as a stakeholder, and it must appear that no act on his part has caused the embarrassment of conflicting claims and the peril of double vexation.
Riverside Bank v. Florida Dealers & Growers Bank, 151 So.2d 834, 836 (Fla. 1st DCA 1963); accord Sea Management Serv., Ltd. v. Club Sea, Inc., 512 So.2d 1025, 1026 (Fla. 3d DCA 1987); Treasure Cay, Ltd. v. General Mica Corp., 489 So.2d 866, 867 (Fla. 3d DCA 1986).
As to the second condition listed above, a plaintiff must allege that it faces conflicting claims to an asset in its custody and that it risks exposure to double liability unless the claims are resolved in one action. Motzkin v. Shearson Lehman Bros., Inc., 611 So.2d 592, 593 (Fla. 4th DCA 1993). However, if the conflicting claims are not to the same asset or fund, the plaintiff is not entitled to an interpleader. See Treasure Cay, 489 So.2d at 867 (holding that chair manufacturer was not entitled to interplead buyer and broker where only buyer claimed stake (chairs), despite apparently conflicting claims in that broker threatened to sue manufacturer for damages if it delivered chairs to buyer while buyer threatened to hold manufacturer responsible if it did not deliver chairs); see also Lafayette Corp. v. Bank of Boston Int'l S., 723 F.Supp. 1461 (S.D.Fla.1989).
In the present case, Underhill and TASC do not have conflicting claims to the fund Prince seeks to proffer to the court. Prince seeks to proffer the monthly installment payments due and promissory notes under its agreement with TASC; it is undisputed, however, that only TASC has a claim to these funds. On the other hand, Underhill's only claim against Prince is his claim to the assets which Prince acquired from TASC. The funds and the assets are not the same. Prince is not entitled to an order of interpleader because it has not proffered the only thing to which the defendants might have conflicting claims, the assets themselves. Prince admits using the assets of TASC to earn cash to run its business. Although TASC and Underhill might be interpleaded properly if Prince defaulted and TASC sought to repossess the assets of Prince which secured their agreement, this potential claim is not sufficient to establish Prince's right to an interpleader. At this point, since *95 Underhill claims ownership of the assets of the business and TASC merely has a potential claim to them, there are no conflicting claims to the same asset or fund.
The second reason we affirm is that Prince is not a disinterested stakeholder. It would be beneficial to Prince if TASC were to prevail in litigation with Underhill. Prince has a contract with TASC, and to protect this contract, Prince has a strong interest in seeing Underhill's lawsuit against Maxner and TASC fail. Because Prince is not a disinterested stakeholder, an interpleader is not the appropriate remedy for Prince. United States v. 116 Villa Rella Drive, 675 F.Supp. 645, 646 (S.D.Fla.1987); Lafayette Corp. v. Bank of Boston Int'l S., 723 F.Supp. 1461, 1464 (S.D.Fla.1989).
Finally, Underhill and TASC have negotiated a stipulation of settlement which was filed with the trial court. The settlement binds Prince to pay a portion of each monthly installment due under the promissory note to Underhill and a portion to Maxner. Since Prince is no longer in doubt as to its obligations to each of the defendants, its motion for interpleader has been rendered moot. See Bache Halsey Stuart Shields, Inc. v. Witous, 411 So.2d 1324, 1326 (Fla. 2d DCA 1982) (holding that trial court may have denied plaintiff's motion for order of interpleader because, at the time, case was over and issues were moot).
For these reasons, we affirm the order of the trial court. Further, there was no legal or contractual basis for attorney's fees. The trial court's order denying attorney's fees is also affirmed.
AFFIRMED.
PETERSON, C.J., and GOSHORN, J., concur.