696 So.2d 802 (1997)
Krishin P. ABICHANDANI, Appellant,
v.
RELATED HOMES OF TAMPA, INC., and Paradise Contractors, Inc., Appellees.
No. 95-04798.
District Court of Appeal of Florida, Second District.
February 21, 1997.
Krishin P. Abichandani, pro se.
Joseph N. Tucker and Robert L. Rocke of Annis, Mitchell, Cockey, Edwards & Roehn, P.A., Tampa, for Appellee Related Homes of Tampa, Inc.
Daniel D. Whitaker and Jack R. Pepper of Carey, O'Malley, Whitaker & Manson, P.A., Tampa, for Appellee Paradise Contractors, Inc.
PER CURIAM.
The appellant, Krishin P. Abichandani, challenges the dismissal with prejudice of his amended complaint for breach of warranty, breach of contract, and fraud based on construction defects in a home he purchased from the appellees, Related Homes of Tampa, Inc., the developer and builder of the home, and Paradise Contractors, Inc., the pool subcontractor. The trial court dismissed the amended complaint based on a finding that the appellant was impermissibly splitting his causes of action because he had filed an earlier suit. We reverse.
The appellant contracted with the appellee/builder on February 26, 1993, to construct a home with a pool in Tampa Palms. The sale closed on January 12, 1994, after a walk-through performed a week earlier. On February 23, 1994, the appellant sued the builder in Circuit Court Case No. 94-1243, alleging trespass on his property for placement of a sprinkler control box governing irrigation for several neighboring homes as well as his own. The trial court entered summary judgment in favor of the builder in that suit. This court affirmed. Abichandani v. Related Homes, Inc., 654 So.2d 1169 (Fla. 2d DCA), review dismissed, 661 So.2d 823 (Fla.1995). The day after we heard oral argument in the trespass suit appeal, the appellant filed the complaint in the instant case, Circuit Court Case No. 95-1604, alleging construction defects against the same builder and also the pool subcontractor. The three-count complaint sounded in breach of contract, breach of warranty, and fraud. The appellees *803 moved to dismiss the appellant's amended complaint on several bases, including that the appellant was attempting to split his cause of action. The appellees contended at the hearing on their motions that the appellant should have made these claims in the earlier suit because all the facts arose out of the same set of circumstances stemming from the purchase contract of February 26, 1993. The trial court agreed and dismissed the amended complaint with prejudice. This was error.
At the hearing on the motions to dismiss, the trial court had before it the amended complaint in three counts, and the appellees' motions to dismiss. The trial court learned of the trespass suit through argument and the allegations in the written motions and dismissed the complaint on the ground that this suit was an impermissible splitting of the causes of action. As the case then stood before the trial court, i.e., on a motion to dismiss which requires that the trial court confine itself to the four corners of the complaint, there was no indication of a split in the causes of action.
It is well settled that the trial court is not authorized to take judicial notice of the records in a different case pending or disposed of in the same court but outside the record in the case before it. Kostecos v. Johnson, 85 So.2d 594 (Fla.1956); Bergeron Land Development, Inc., v. Knight, 307 So.2d 240 (Fla. 4th DCA 1975); Novack v. Novack, 196 So.2d 499 (Fla. 3d DCA), cert. denied, 196 So.2d 926 (Fla.1967).... In order to prove some matter contained in the record of a case other than the one being litigated, a party must offer the other court file or certified copies of portions thereof into evidence in the case then being litigated.
Carson v. Gibson, 595 So.2d 175, 176-77 (Fla. 2d DCA 1992). Thus, for the trial court in the case before us to know of the issues in the trespass suit, certified copies of the relevant documents from the record in that case, or the court file, must have been presented to the trial court. This is necessary so the court could determine just what issues and factual circumstances were addressed in the prior suit before determining whether the cause of action was indeed split. Counsel for the appellees did attempt to provide the court background information relating to the trespass suit, but allegations by and argument of counsel are no substitute for properly introduced evidence. MediTek Therapy, Inc., v. Vat-Tech, Inc., 658 So.2d 644 (Fla. 2d DCA 1995).
Because the trial court erroneously based its decision to dismiss the amended complaint on evidence which was not in the record before it, we reverse the final judgment, reinstate the amended complaint, and remand for further proceedings.
DANAHY, A.C.J., and PATTERSON and LAZZARA, JJ., concur.