ALTENBERND, Judge.
Victoria Patterson and Lawrence Patterson appeal the trial court’s order dismissing with prejudice their lawsuit against the Downtown Medical & Diagnostic Center, P.A. (the Center), and dismissing all counts except malicious prosecution against H. Brantley McNeel and David Allen Weiland, Jr. We reverse.
Mrs. Patterson was employed by the Center as a billing and collections supervisor. Drs. McNeel and Weiland are employed by or have some ownership interest in the Center. Allegedly, Mrs. Patterson was arrested and detained at St. Anthony’s Hospital on March 30, 1993, under the provisions of the Baker Act on a petition initiated by the physicians and the Center.
Mrs. Patterson and her husband filed this action alleging claims of false imprisonment and intentional infliction of emotional distress against the Center and Drs. McNeel and Weiland, and alleging malicious prosecution solely against the two physicians. All defendants moved to dismiss the action on the ground of res judicata be cause the Center had obtained a judgment in a prior federal lawsuit filed by Mrs. Patterson. The trial court granted that motion and dismissed all claims against the Center and the claims of false arrest and intentional infliction of emotional distress against the physicians.
This record contains no pleadings from the federal action. The Center and the physicians filed a standard form “Judgment in a Civil Case” entered in the federal action that grants “the defendant’s” motion for summary judgment, without further explanation. The form names the Center as the only defendant in that action. A reported opinion indicates that Mrs. Patterson and the Center were the only parties to that action and the causes of action raised in that ease were not identical to the claims made in this case. Patterson v. Downtown Medical & Diagnostic Center, Inc., 866 F.Supp. 1379 (M.D.Fla.1994). Mrs. Patterson and her husband maintain that the judgment in the federal action cannot be res judicata on their claims against the physicians because they were not parties to that action. The physicians contend that the dismissal of Mrs. Patterson’s claims against the Center for false imprisonment and intentional infliction of emotional distress in the federal action were adjudications on the merits *1072 under Federal Rule of Procedure 41(b), and as such, these claims are barred against all defendants in this action.
We do not have to resolve these arguments at this stage of the proceedings. It is well established that a motion to dismiss should not be granted on the basis of an affirmative defense, including res judicata, unless that defense is established on the face of the pleadings. See Abichandani v. Related Homes of Tampa, Inc., 696 So.2d 802 (Fla. 2d DCA 1997); Mettler, Inc. v. Ellen Tracy, Inc., 648 So.2d 253 (Fla. 2d DCA 1994); Byrd v. City of Niceville, 541 So.2d 696 (Fla. 1st DCA 1989). Simply put, the defendants’ affirmative defense of res judica-ta is not established in this record. Thus, the trial court erred in dismissing the Patter-sons’ complaint on this basis. Accordingly, we reverse the order dismissing the complaint, and remand with directions to reinstate the ease and for further proceedings.
Reversed and remanded with directions.
PATTERSON, A.C.J., and WHATLEY, J., concur.