779 So.2d 317 (1999)
ST. MARY'S TRADITIONAL ROMAN CATHOLIC CHURCH, INC., Appellant,
v.
EIGHT HUNDRED, INC., a Florida corporation, and Flournoy Management, Inc., an Alabama corporation, Appellees.
No. 98-03196.
District Court of Appeal of Florida, Second District.
September 10, 1999.
*318 Thomas S. Hudson of Hudson & Associates, Sarasota, for Appellant.
Theodore D. Estes of Divine & Estes, Orlando, for Appellee Eight Hundred, Inc.
Tracy J. Robin of Akerman, Senterfitt & Eidson, Tampa, for Appellee Flournoy Management, Inc.
NORTHCUTT, Judge.
We review a nonfinal order granting Flournoy Management, Inc.'s motion for summary judgment, which effectively dismissed the interpleader action filed by St. Mary's Traditional Roman Catholic Church and which directed the clerk of circuit court to release the interpleaded funds to Flournoy.[1] The court, citing Prince v. Underhill, 670 So.2d 92, 94 (Fla. 5th DCA 1996), explained that the interpleader suit against Flournoy and Eight Hundred, Inc., lacked an essential element; i.e., that the same thing, debt or stake be claimed by the defendants. We affirm.
St. Mary's finds itself embroiled in a dispute among prior owners of the Fountains Bingo Hall in Bradenton. Eight Hundred, formerly known as Pondella Hall for Hire, Inc., sold the hall to American Bingo & Gaming Corp. The purchase agreement called for American Bingo to make a cash payment at closing and also to execute a promissory note secured by a security agreement and financing statements. The agreement provided that the purchase price was to be adjusted based on the total net profits of the bingo operation during the first year.
American Bingo transferred the Fountains to its subsidiary, 6323 14th Street Hall for Hire, Inc., which then sold it to St. Mary's. In the latter transaction, St. Mary's gave 6323 a promissory note for the entire purchase price. St. Mary's purchased "subject to any rights, liens, or obligations, including any security agreement covering Fountains and its assets, which [6323] may owe to Pondella Hall for *319 Hire, Inc. [now Eight Hundred, Inc.] as is evidenced by that certain Asset Purchase Agreement executed by and between American Bingo & Gaming Corp. and Pondella Hall for Hire, Inc. dated July 17, 1995."
After St. Mary's acquired the Fountains, Eight Hundred wrote to American Bingo demanding the immediate return of the bingo hall assets for non-payment of the adjusted purchase price based on future operations revenue and for failure to execute certain documents. Eight Hundred also wrote to St. Mary's asserting that 6323 did not have title to the bingo hall it sold to St. Mary's, and demanding "payment for the use of assets which rightfully belong to Eight Hundred, Inc."
Meanwhile, the Florida Attorney General was investigating 6323 and American Bingo for allegedly engaging in illegal bingo activities. Ultimately, 6323 and American Bingo entered into a settlement agreement with the State in which they agreed to cease their involvement with bingo activities in Florida and to transfer their interests in the St. Mary's promissory note to unrelated entities. The 6323 entity assigned the note to Flournoy. 6323 and Flournoy wrote to St. Mary's instructing it to send future note payments to Flournoy.
Confronted with the foregoing demands for payment, St. Mary's filed an interpleader complaint and deposited $42,000 in note payments into the court registry. We agree with the circuit court that the requirements of an interpleader action were not met.
An interpleader action lies under the following conditions:
(1) the claims must be dependent or have a common origin; (2) the same thing, debt (or duty) or stake must be claimed by defendants; (3) the plaintiff must have no interest in the subject matter ...; and (4) the plaintiff must be in a position of indifference, having incurred no independent liability to either of the claimants, but must stand indifferent between them merely as a stakeholder, and it must appear that no act on his part has caused the embarrassment of conflicting claims and the peril of double vexation.
Prince, 670 So.2d at 92 (other citations omitted). The action filed by St. Mary's failed to meet two of these conditions. First, the defendants did not claim the same thing. Eight Hundred asserted entitlement to payment for use of the bingo hall assets to which it claimed ownership. Flournoy asserted entitlement to payments under the promissory note St. Mary's gave when it purchased the bingo hall from 6323. Second, because Flournoy held the St. Mary's promissory note and because St. Mary's purchased from Flournoy's assignor subject to Eight Hundred's rights, St. Mary's was not in a position of indifference between the defendants. See Prince, 670 So.2d 94-5.
Accordingly, we affirm.
PATTERSON, C.J., and PARKER, J., Concur.
NOTES
[1] Although the order was labeled and appealed as a final judgment, in fact it was a non-final order because it merely granted Flournoy's motion for summary judgment. See L & F Partners, Ltd. v. Miceli, 555 So.2d 1283 (Fla. 2d DCA 1990). Still, we have jurisdiction to review the order under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(ii) because it determined the right to immediate possession of property.