ROWE, J.
 

 Arnold Zimmerman appeals the trial court’s order granting interpleader to Cade Enterprises and directing the corporation to place the funds disputed in this action into the registry of the court. Mr. Zimmerman raises two issues on appeal: (1) whether the trial court erred by granting the complaint in interpleader; and (2) whether the trial court erred by not dismissing the complaint in interpleader as barred by the doctrine of res judicata. We affirm as to the second issue without discussion. We also affirm as to the first issue, and for the reasons explained below, we find that the trial court properly ordered interpleader in this matter.
 

 I. Facts and Procedural History
 

 Mary Cade is the widow of Dr. J. Robert Cade, the inventor of the Gatorade sports drink. Dr. and Mrs. Cade formed Cade Enterprises, Inc. in 1989, as an estate planning device, and subsequently transferred to the corporation a portion of the ownership interest in the Gatorade Trust. Mr. Zimmerman served as secretary of the corporation and was a close personal advisor to Dr. Cade for many years. Mr. Zimmerman claims to be one of only a few non-family members who were gifted with stock in the corporation
 
 *201
 
 and that he first received shares in 1994, with additional shares given annually for a period of time. He claims ownership of a total of 680 shares.
 

 In August 2008, Mrs. Cade filed suit against Mr. Zimmerman to recover 591 shares of stock that she alleged he obtained through fraud and through attempted transfers that were void. She later amended her complaint to add an express claim for past and future dividends related to those shares. In September 2008, Cade Enterprises’ Board of Directors authorized a distribution of dividends to shareholders pursuant to statute and the corporation’s bylaws. The corporation did not distribute dividends to Mr. Zimmerman for the 591 shares which were the subject of Mrs. Cade’s lawsuit against Mr. Zimmerman.
 

 In October 2008, Cade Enterprises filed its first Complaint in Interpleader against the parties to the Cade-Zimmerman lawsuit, requesting the court to require the parties to interplead their claims to dividends from the same 591 shares of stock. On February 9, 2009, following a hearing, the trial court dismissed the Complaint in Interpleader “without leave to amend because Plaintiff stated no facts at the hearing which would support an amended Complaint in Interpleader.” The court also stated that the order dismissing was “-without prejudice to the parties’ ability to raise the issue of which party is entitled to dividends under a different procedure in any other proceeding.”
 

 In March 2009, Mr. Zimmerman sent a demand letter to Cade Enterprises, demanding damages for failure to distribute to him the dividends associated with the contested 591 shares. In April 2009, Mrs. Cade also sent a demand letter to Cade Enterprises, demanding dividends from the same 591 shares.
 

 On May 8, 2009, Mr. Zimmerman filed a complaint against Cade Enterprises, alleging that the corporation committed theft by failing to distribute the dividends to him for the 591 shares. On May 27, 2009, Cade Enterprises filed a Motion to Dismiss, Counterclaim, and Third Party Complaint in Interpleader against Mr. Zimmerman and Mrs. Cade, the two parties claiming interest to dividends from the same 591 shares.
 

 On July 27, 2009, the trial court heard argument from counsel for both sides on the counterclaim and complaint in inter-pleader. After the hearing, the trial court granted interpleader to Cade Enterprises and directed the corporation to place the disputed funds into the registry of the court. That order is being appealed here.
 

 II. Analysis
 

 We review the trial court’s decision to grant interpleader in this action under the de novo standard.
 
 See generally
 
 Philip J. Padovano,
 
 Florida Appellate Practice
 
 § 9.4 (2007-08 ed.). Cade Enterprises instituted the action in interpleader pursuant to Florida Rule of Civil Procedure 1.240. When considering an action under the rule, the trial court may grant interpleader where the party seeking in-terpleader establishes a legal right to proceed under the rule and where the pleadings sufficiently state a cause of action for interpleader.
 
 See id; cf. Siegle v. Progressive Consumers Ins. Co.,
 
 819 So.2d 732 (Fla.2002).
 

 Mr. Zimmerman argues that in-terpleader was improper here because Cade Enterprises failed to demonstrate the required elements for an action in interpleader. Interpleader is a long-recognized equitable remedy governed by equitable principles used to determine the rights of parties each of whom claim the right to distribution of the same fund or property that is held by a disinterested third person.
 
 See Jax Ice & Cold Storage
 
 
 *202
 

 Co. v. South Fla. Farms Co.,
 
 91 Fla. 593, 109 So. 212 (Fla.1926); 32 Fla. Jur. 2d
 
 Interpleader
 
 § 1 (2003). Interpleader allows the third party holding the funds to bring the competing parties into court to litigate their competing claims among themselves instead of litigating it against the party holding the funds.
 
 See, e.g., Drummond Title Co. v. Weinroth,
 
 77 So.2d 606 (Fla.1955). The equitable interpleader proceeding provided for in early Florida law is now set forth in Florida Rule of Civil Procedure 1.240. Even after the adoption of rule 1.240, interpleader remains an equitable remedy governed by equitable principles.
 
 See Wassman v. Travelers Cas. & Sur. Co.,
 
 797 So.2d 626, 631-32 (Fla. 5th DCA 2001).
 

 Rule 1.240 provides in pertinent part,
 

 Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability. It is not ground for objection to the joinder that the claim of the several claimants or the titles on which their claims depend do not have common origin or are not identical but are adverse to and independent of one another, or that the plaintiff avers that the plaintiff is not liable in whole or in part to any or all of the claimants.
 

 In
 
 Riverside Bank of Jacksonville v. Fla. Dealers & Growers Bank,
 
 151 So.2d 834 (Fla. 1st DCA 1963), a case predating rule 1.240, this court outlined four conditions to maintain an action in “strict interpleader,” which must appear from the pleadings: (1) the same thing, debt (or duty), or stake must be claimed by the defendants; (2) the claims must be dependent or have a common origin; (3) the plaintiff must have no interest in the subject matter; and (4) the plaintiff must be in a position of indifference, having incurred no independent liability to either of the claimants, but must stand indifferent between them merely as a stakeholder, and it must appear that no act on his part has caused the embarrassment of conflicting claims.
 
 Id.
 
 at 836. Florida courts continue to recite the four common law requirements for interpleader.
 
 See, e.g., Prince v. Underhill,
 
 670 So.2d 92, 94 (Fla. 5th DCA 1996);
 
 St. Mary’s Traditional Roman Catholic Church, Inc. v. Eight Hundred, Inc.,
 
 779 So.2d 317, 319 (Fla. 2d DCA 1999). However, the only absolute requirement remaining under rule 1.240 is that the stakeholder “is or may be exposed to double or multiple liability” for competing claims to a single fund.
 
 See
 
 32 Fla. Jur. 2d
 
 Interpleader
 
 § 2 (2003);
 
 Hagendorfer v. Appelquist & Ripley, Inc.,
 
 529 So.2d 343 (Fla. 1st DCA 1988);
 
 Newkirk Constr. Corp. v. Gulf County,
 
 366 So.2d 813(Fla. 1st DCA 1979). A party may not object to inter-pleader on the grounds that one of the remaining three common law requirements is not met.
 
 See, e.g., Motzkin v. Shearson Lehman Bros.,
 
 611 So.2d 592, 593 (Fla. 4th DCA 1993) (reiterating that the language of rule 1.240 provides that a party cannot object to joinder in interpleader on any ground except “where a plaintiff is faced with conflicting claims that may result in double or multiple liability”);
 
 Bache Halsey Stuart Shields, Inc. v. Witous,
 
 411 So.2d 1324 (Fla. 2d DCA 1982) (noting that under rule 1.240 a plaintiff may proceed in interpleader even when he has caused the conflicting claims or is interested in the stake).
 

 Thus, an interpleader plaintiff is only required to demonstrate that the stakeholder is or may be exposed to double liability for more than one claim to the same funds or property. Here, the record demonstrates that both Mr. Zimmerman and Mrs. Cade claim entitlement to the
 
 *203
 
 same dividends: both sent demand letters to Cade Enterprises demanding the dividends for the same 591 shares of stock, and both have initiated actions claiming entitlement to the disputed dividends.
 

 Although Cade Enterprises established the only required element of interpleader under the rule, the pleadings also sufficiently demonstrate the remaining three elements for common law interpleader: the claims of Mrs. Cade and Mr. Zimmerman have a common origin; Cade Enterprises has no claim to the dividends and no interest in which party is entitled to them (the pleadings contain the affidavit of its president, who affirmed that the corporation itself makes no claim to the disputed dividends); Cade Enterprises is indifferent to the outcome of the litigation between the parties, and it will distribute the dividends once the court determines legal entitlement to them.
 

 Mr. Zimmerman also argues that the trial court erred in deciding that interpleader was appropriate without taking evidence. Mr. Zimmerman devotes much of his initial brief to arguing the merits of his claim to the dividends. However, his arguments are premature. Inter-pleader is a two-stage action.
 
 See, e.g., N & C Properties v. Vanguard Bank & Trust Co.,
 
 519 So.2d 1048, 1050-51 (Fla. 1st DCA 1988);
 
 Drummond Title Co. v. Weinroth,
 
 77 So.2d 606, 609 (Fla.1955). At the first stage of interpleader, the court determines only whether interpleader is appropriate, and at the second stage the court determines the merits of the competing claims to the interpleaded property.
 
 See Drummond Title Co.,
 
 77 So.2d at 609. The order on appeal arises from the first stage of the interpleader action in which the trial court found that the pleadings sufficiently alleged the required elements of inter-pleader.
 

 No evidentiary hearing is required at the first stage of interpleader where the determination of whether the action in interpleader is appropriate may be made from the pleadings.
 
 See, e.g., Riverside Bank of Jacksonville v. Fla. Dealers & Growers Bank,
 
 151 So.2d 834, 836 (Fla. 1st DCA 1963) (holding that the conditions for interpleader must appear “from the pleadings”);
 
 Joe Hatton, Inc. v. Conner,
 
 247 So.2d 782, 784 (Fla. 4th DCA 1971) (noting that the appellate court had “examined the complaint” and found inter-pleader was appropriate). Thus, at the first stage of an interpleader proceeding, the determination of whether interpleader is appropriate may be based on the pleadings alone.
 

 It is well settled that facts admitted in a pleading are conclusively established on the record and require no further proof.
 
 See, e.g., Fernandez v. Fernandez,
 
 648 So.2d 712, 713 (Fla.1995);
 
 In re Sackett’s Estate,
 
 171 So.2d 906, 909 (Fla. 1st DCA 1965). That Cade Enterprises faced competing claims from both Mrs. Cade and Mr. Zimmerman for the dividends from the same shares is well established by the pleadings in this case. Accordingly, no evidentiary hearing was required and the trial court’s order granting interpleader is AFFIRMED.
 

 HAWKES, C.J., and WETHERELL, J., concur.