WALLACE, Judge.
Dwight E. Brock, as Clerk of the Circuit Court of Collier County (the Clerk), challenges the circuit court’s order that dismissed with prejudice his amended complaint in interpleader for failure to state a cause of action. Because the Clerk’s amended complaint stated a cause of action for interpleader and because the circuit court improperly considered materials and information outside the four corners of the amended complaint in making its ruling, we reverse the circuit court’s order.
I. THE FACTS AND PROCEDURAL BACKGROUND
In August 2011, the Clerk filed an action against Lloyd Bowein, individually and as personal representative of the estate of Lurline S. Bowein (Mr. Bowein), and the District School Board of Collier County, *582 Florida (the School Board), seeking to in-terplead funds in an amount exceeding $15,000 that the Clerk held in the registry of the court. The Clerk came into possession of the funds as a result of a “quick take” eminent domain proceeding filed by the School Board against Lurline S. Bow-ein and others. Upon the entry of the order of taking in the eminent domain proceeding, the School Board made the required good faith deposit into the court registry in accordance with section 74.051(2), Florida Statutes (2005). The Clerk received the deposit and invested the funds to earn interest. Section 74.051(3) specifically authorized the Clerk to invest the funds. Section 74.051(B) provides, in pertinent part, as follows:
The clerk is authorized to invest such deposits so as to earn the highest interest obtainable under the circumstances in state or national financial institutions in Florida insured by the Federal Government. Ninety percent of the interest earned shall be paid to the petitioner^[1]]
In October 2007, Mr. Bowein and the School Board made competing demands on the Clerk for the ninety percent interest earned on the good faith deposit. When the Clerk filed his action in interpleader, he had not paid the accrued interest to the School Board. The accrued interest — less the ten percent that the Clerk was entitled to retain — remained in the court registry.
In his amended complaint in interpleader, the Clerk first alleged the source of the funds that he sought to interplead and his receipt of them in his capacity as the Clerk of the Circuit Court of Collier County. The Clerk also alleged, in pertinent part, as follows:
3.The School Board is a governmental body that possesses the power of eminent domain, and, which, pursuant to Section 74.051( [3]), F.S., is entitled to ninety percent (90%) of the investment interest monies currently held in the registry of the court in the Quick Taking Case as to Parcel “A,” and has previously made claim to said monies and may claim some right, title or interest in all of the monies currently held in the registry of the court in the Quick Taking Case as to Parcel A. See attached Exhibit “A.”
4. Bowein is a citizen of the United States who has asserted claims to the investment interest monies currently held in the registry of the court in the Quick Taking Case as to Parcel “A” and may claim some right, title or interest in all of the monies currently held in the registry of the court in the Quick Taking Case as to Parcel “A.” See attached Exhibit “B.”
5. Pursuant to Florida Rules of Civil Procedure 1.600, money in the court registry shall be withdrawn by order of court. As of this date no court order has been entered ordering the Clerk to transfer or disburse the remaining monies held in the registry of the court in the Quick Taking Case as to Parcel “A” to either Bowein or the School Board[.]
6. Without a ruling or order by the court, the Clerk has no means of determining to which of the parties, Bowein or School Board, such funds should be distributed, without subjecting himself to the claims of the other. Consequently the Clerk has no adequate remedy at law and has no other means other than this Interpleader to protect himself from litigation in which he has no interest.
*583 7. The Clerk has no claim on or interest in the property, is not independently liable to Bowein or School Board, and has not caused the conflicting claims. The Clerk is ready, willing and able and offers to deposit such funds into the registry of the Court pending a judicial determination of the respective rights of Bowein and School Board to such funds.
8. The Clerk has no interest in the monies currently in the court registry in the Quick Taking Case and stands indifferent between Bowein and School Board as an independent and innocent stakeholder.
The Clerk attached to the amended complaint copies of the demand letters from Mr. Bowein and from the School Board as Exhibits “A” and “B” respectively.
Mr. Bowein filed a motion to dismiss the amended complaint in interpleader. In his motion to dismiss, Mr. Bowein asserted numerous matters that were unrelated to the sufficiency of the amended complaint. The focus of these matters was a putative class action that Mr. Bowein had filed against the Clerk in 2010. In the putative class action, Mr. Bowein had sought recovery of the interest held by the Clerk on the good faith deposit in the eminent domain action. Mr. Bowein also sought recovery of additional amounts of interest held by the Clerk on behalf of a class defined as follows:
[A]ll property owners who were originally defendants in eminent domain cases brought pursuant to Chapters 73 and 74, Fla. Stat.[,] in Collier County, Florida, where a registry deposit was made pursuant to Section 74.051(4), Fla. Stat., and who has [sic] not received at least ninety percent (90%) of any interest that was earned by the Defendant Clerk investing the registry deposits.
Notably, Mr. Bowein did not claim that the earlier case had gone to judgment or that the circuit court had certified the case as a class action.
Mr. Bowein relied on three grounds in support of his motion to dismiss. First, the amended complaint failed “to state a cause of action for interpleader because the Clerk is not an innocent stakeholder.” Second, the Clerk’s interpleader claim was a compulsory counterclaim that should have been asserted in the putative class action. And, third, by seeking interpleader of the accrued interest, the Clerk was making an impermissible “attempt to circumvent a class-wide remedy.” As an alternative to dismissal, Mr. Bowein requested that the circuit court consolidate the Clerk’s action for interpleader with the putative class action. The Clerk did not oppose Mr. Bowein’s alternative request for the consolidation of the two actions.
II. THE CIRCUIT COURT’S RULING
The circuit court conducted a hearing on the motion to dismiss. At the hearing, despite the Clerk’s repeated objections, Mr. Bowein directed his arguments to the putative class action and to other matters outside the four corners of the amended complaint. The circuit court did not announce a ruling at the hearing, but the court’s comments during the hearing suggest that it considered the various matters extraneous to the amended complaint that were argued by Mr. Bowein. After the hearing, the circuit court entered an order dismissing the amended complaint with prejudice. The circuit court explained its ruling as follows:
The Court has considered the memo-randa submitted by counsel for the parties along with the arguments presented at the hearing and was otherwise fully advised in the premises. The Court finds that [as] a matter of law, inter- *584 pleader is not appropriate under the circumstances of this case. The Clerk’s Interpleader Complaint fails to satisfy the requirements for interpleader.
Based on this ruling, the circuit court declared that Mr. Bowein’s alternative request for consolidation was moot. This appeal followed.
III. DISCUSSION

A. The Standard of Review

The parties agree that the de novo standard of review applies to the circuit court’s order granting Mr. Bowein’s motion to dismiss. See Coleman v. 688 Skate Park, Inc., 40 So.3d 867, 869 (Fla. 2d DCA 2010); Al-Hakim v. Holder, 787 So.2d 939, 941 (Fla. 2d DCA 2001).

B. The Sufficiency of the Amended Complaint

Florida Rule of Civil Procedure 1.240 addresses the subject of interpleader. The rule provides, in pertinent part, as follows:
Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability. It is not ground for objection to the joinder that the claim of the several claimants or the titles on which their claims depend do not have common origin or are not identical but are adverse to and independent of one another, or that the plaintiff avers that the plaintiff is not liable in whole or in part to any or all of the claimants.
Under the rule, the only requirement for interpleader “is that the stakeholder ‘is or may be exposed to double or multiple liability’ for competing claims to a single fund.” Zimmerman v. Cade Enters., Inc., 34 So.3d 199, 202 (Fla. 1st DCA 2010); see also Rainess v. Estate of Machida, 81 So.3d 504, 510 (Fla. 3d DCA 2012) (stating the same conclusion).
Accordingly, to state a claim for interpleader under the rule, the Clerk had only to allege that he is or may be exposed to double or multiple liability based on more than one claim to the accrued interest held in the court registry. It was unnecessary to allege the common law requirements for strict interpleader, including an allegation that the Clerk was an innocent stakeholder. See Rainess, 81 So.3d at 510; Zimmerman, 34 So.3d at 202. The Clerk made the necessary allegations concerning the competing claims made against him by the School Board and by Mr. Bowein in paragraphs three and four of the amended complaint. The Clerk supported these allegations by attaching copies of the competing demand letters from the School Board and from Mr. Bow-ein as exhibits to the amended complaint. Moreover, the Clerk exceeded the requirements of rule 1.240 by alleging in paragraph eight of the amended complaint that “[t]he Clerk has no interest in the monies currently in the court registry in the Quick Taking Case and stands indifferent between [Mr.] Bowein and the School Board as an independent and innocent stakeholder.” See Paul v. Harold Davis, Inc., 155 Fla. 538, 20 So.2d 795, 796 (1945) (discussing the elements of a claim for strict inter-pleader); Riverside Bank of Jacksonville v. Fla. Dealers & Growers Bank, 151 So.2d 834, 836 (Fla. 1st DCA 1963) (same), superseded by rule as stated in Rainess, 81 So.3d at 510, and Zimmerman, 34 So.3d at 202. Unquestionably, the Clerk’s amended complaint was sufficient to state a claim for interpleader. The circuit court erred in reaching a contrary conclusion.
Well-established principles should guide the circuit court in its consideration of a motion to dismiss for failure to *585 state a cause of action. “When ruling on a motion to dismiss for failure to state a cause of action, the trial court must accept the material allegations as true and is bound to a consideration of the allegations found within the four corners of the complaint.” Murphy v. Bay Colony Prop. Owners Ass’n, 12 So.3d 924, 926 (Fla. 2d DCA 2009). “[T]he purpose of a motion to dismiss is to test the legal sufficiency of the complaint and not to determine issues of fact.” Curtis v. Henderson, 777 So.2d 1017, 1018 (Fla. 2d DCA 2000). “[T]he court is not permitted to speculate as to whether the allegations will ultimately be proven.” Maciejewski v. Holland, 441 So.2d 703, 704 (Fla. 2d DCA 1983). “[A] motion to dismiss should not be granted on the basis of an affirmative defense ... unless that defense is established on the face of the pleadings.” Patterson v. McNeel, 704 So.2d 1070, 1072 (Fla. 2d DCA 1997). “A motion to dismiss is not a substitute for a motion for summary judgment.” Al-Hakim, 787 So.2d at 941; see also Cowder v. Hillsborough Cnty., 715 So.2d 954, 955 (Fla. 2d DCA 1998) (“The court may not transform a motion to dismiss into a motion for summary judgment.”).
The circuit court erred when it disregarded these well-established principles and considered the factual matters that Mr. Bowein argued in support of his contention that the Clerk was not an innocent stakeholder. Moreover, even if the Clerk did not qualify as an innocent stakeholder in the dispute between the School Board and Mr. Bowein concerning entitlement to the accrued interest, this circumstance would not necessarily bar the interpleader of the disputed funds. Instead, the failure to qualify as an innocent stakeholder might only disqualify the Clerk from obtaining an award of attorney’s fees and costs for bringing the action for interpleader. See Bache Halsey Stuart Shields Inc. v. Witous, 411 So.2d 1324, 1326 (Fla. 2d DCA 1982); Ellison v. Riddle, 166 So.2d 840, 841 (Fla. 2d DCA 1964); Rainess, 81 So.3d at 514-15; Rafter v. Miami Gables Realty, Inc., 428 So.2d 351, 352-54 (Fla. 3d DCA 1983).

C. The Compulsory Counterclaim Issue

Mr. Bowein argued that the Clerk’s action for interpleader was a compulsory counterclaim that the Clerk should have raised, if at all, in the putative class action filed in 2010. Mr. Bowein concluded that by failing to file the counterclaim for inter-pleader in the earlier action, the Clerk had waived the claim and could not resurrect it in a subsequent action. See Fla. R. Civ. P. 1.170(a); Kinney v. Allied Home Builders, Inc., 403 So.2d 440, 442 (Fla. 2d DCA 1981); Lawyers Title Ins. Corp. v. Little River Bank & Trust Co., 228 So.2d 412, 414 (Fla. 3d DCA 1969).
We agree that the Clerk could have raised his interpleader claim in the putative class action. Rule 1.240 provides that “[a] defendant exposed to similar liability may obtain such interpleader by way of crossclaim or counterclaim.” Nevertheless, a party who has failed to plead a compulsory counterclaim in an action that is still pending may file an independent action on the same claim. Cheezem Dev. Corp. v. Maddox Roof Serv., Inc., 362 So.2d 99, 100 (Fla. 2d DCA 1978); Singer v. Fla. Paving Co., 459 So.2d 1146, 1148 (Fla. 3d DCA 1984). Granted, the Clerk would not have been entitled to seek inter-pleader if Mr. Bowein had already obtained a judgment against the Clerk on Mr. Bowein’s claim for the accrued interest. See Wassman v. Travelers Cas. & Sur. Co., 797 So.2d 626, 633 (Fla. 5th DCA 2001) (“[I]n order for a plaintiff to be entitled to relief by interpleader, he must apply for that relief before a judgment at *586 law has been rendered in favor of any of the claimants to the common fund.”). However, Mr. Bowein did not contend that he already had a judgment against the Clerk. It follows that the Clerk could still file an independent action for interpleader.

D. Circumventing the Class-Wide Remedy

Mr. Bowein’s argument that the Clerk’s action for interpleader was an impermissible “attempt to circumvent a class-wide remedy” is unpersuasive for two reasons. First, Mr. Bowein did not claim that the circuit court had certified the 2010 case as a class action. Thus, when Mr. Bowein filed his motion to dismiss, it was uncertain whether the earlier case would even proceed as a class action. Second, the Clerk did not oppose Mr. Bowein’s alternative request to consolidate the interpleader action with the putative class action. The consolidation of the two cases would put the parties in the same posture that they would have assumed if the Clerk had initially pleaded the interpleader claim as a counterclaim in the putative class action. Consolidation would also ensure that the circuit court would handle the two cases in a consistent manner.
IY. CONCLUSION
For the foregoing reasons, we reverse the order under review and remand this case to the circuit court for further proceedings consistent with this opinion. On remand, the circuit court may reconsider Mr. Bowein’s alternative request for the consolidation of the Clerk’s interpleader action with the putative class action.
Reversed and remanded.
NORTHCUTT and DAVIS, JJ., Concur.

. The quoted portion of the statute now appears in subsection (4) of section 74.051. The statute was amended effective July 1, 2008. Ch. 2008-227, §§ 1, at 2508, and 118, at 2626, Laws of Fla.