PER CURIAM.
The summary judgment entered in this case is reversed. The affidavit supporting the summary judgment from appel-lee’s attorney was not made on personal knowledge, nor does it appear from the affidavit that the affiant is competent to testify to all the matters stated therein. Thus, it does not comply with the requirements of Florida Rule of Civil Procedure 1.510(e). The affidavit does not lead to the conclusion that there is no material issue of fact. Furthermore, although the court order recites that it took judicial notice of proceedings in a criminal trial, which is material to these proceedings, the motion for summary judgment nowhere mentions the proceedings or requests the court to take judicial notice of the same. Thus, they could not properly be relied on by the court in granting summary judgment. Fla. R.Civ.P. 1.510(c) and cf. Mack v. Commercial Indus. Park, Inc., 541 So.2d 800 (Fla. *892 4th DCA 1989). Therefore, the entry of summary judgment reflecting findings of fact not supported by the record is error.
The trial court found in entering summary judgment that a public employee acquitted of a criminal charge against him was entitled to have the city pay for his attorney’s fees in defense of the charge where the charges were “inextricably intertwined” with the charges against a former mayor arising out of the performance of the Mayor’s public duties, citing Lomelo v. Sunrise, 423 So.2d 974 (Fla. 4th DCA 1982). We do not need to discuss the application or extension of Lomelo v. Sunrise to this case as yet. It would be premature to rule on this applicability without settling the underlying facts in the matter. Thus, our reversal on procedural grounds should not imply tacit acceptance of an extension of Lomelo to employees as well as officers. We do not see how charges of witness tampering in connection with grand jury testimony can be construed as inextricably intertwined with and arising out of the performance of appellee’s public duties. However, that may show the level of uncertainty as to the facts of this case and why summary judgment for appellee was inappropriate.
Reversed and remanded for further proceedings.
HERSEY, C.J., and WALDEN and WARNER, JJ., concur.