917 So.2d 278 (2005)
LEON COUNTY, Florida, a political subdivision of the State of Florida, Appellant,
v.
STEPHEN S. DOBSON, III, P.A., a Florida Professional Association, Florida Association of Counties, Inc., and State of Florida, Department of Transportation, Appellees.
No. 1D05-276.
District Court of Appeal of Florida, First District.
December 19, 2005.
*279 D. Andrew Byrne of Cooper, Byrne, Blue & Schwartz, PLLC, Tallahassee, Attorney for Appellant.
Pamela S. Leslie, General Counsel, and Gregory G. Costas, Assistant General Counsel, Department of Transportation, Tallahassee, Attorneys for Appellees.
THOMAS, J.
We have before us an appeal of a final order granted on a motion to dismiss in favor of the Defendant/Appellee, Florida Department of Transportation ("DOT"). The lower court dismissed DOT as a third-party defendant on a claim by Leon County for contribution, subrogation and/or indemnity. DOT moved to dismiss Leon County's third-party complaint on the grounds that Rudy Maloy, a former Leon County Commissioner, was not a public official of DOT for purposes of recovery under Thornber v. City of Fort Walton Beach, 568 So.2d 914 (Fla.1990). The lower court granted DOT's motion to dismiss, finding that Maloy was not a public official with DOT under Thornber.
First, it is important to note that the test provided in Thornber applies to "public officials." In Thornber, the supreme court did not provide a definition of the term. Additionally, DOT cites City of Sunrise v. Hinton, 569 So.2d 891 (Fla. 4th DCA 1990), in support of its position. There, the Fourth District reversed an award of attorneys' fees to a public employee because the facts presented were not sufficient to award summary judgment. Indeed, such an analysis does require a factual determination. Thus, that court did not hold that only elected officials are entitled to reimbursement, but instead declined to reach those grounds. Id. Thus, the holdings of Thornber and Hinton imply that the term "public official" is not limited to elected or appointed officials.
Because the law is unclear as to the definition of "public official" with regard to reimbursement of attorneys' fees, we look to other causes of action for guidance. In Wilkinson v. Florida Adult Care Association, Inc., 450 So.2d 1168 (Fla. 2d DCA 1984), the Second District discussed the meaning of public official with regard to a defamation action. There, the individual at issue was an adult congregate living facility coordinator for the Department of Health and Rehabilitative Services. Id. Relying on the U.S. Supreme Court's decision in Rosenblatt v. Baer, 383 U.S. 75, 86 S.Ct. 669, 15 L.Ed.2d 597 (1966), the Second District ultimately determined that the coordinator was not a public official because he had only minimal control over operations, was not involved in policy decisions, had no administrative functions, handled no public funds, exercised no independent *280 authority, and there was no public interest in his qualifications. Wilkinson, 450 So.2d at 1173. Thus, a court must look for these job responsibilities when determining whether an individual is a "public official." In Demby v. English, 667 So.2d 350, 354 (Fla. 1st DCA 1996), this court recognized the factors in Wilkinson, and held that a director of animal control is a public official because the director has the authority to enforce county and state law. Thus, in order to be a public official, the individual need not be elected or appointed; instead, courts must examine the factors set out in Wilkinson.
When there are factual issues in dispute, an issue should not be resolved with a motion to dismiss. Mancher v. Seminole Tribe of Fla., 708 So.2d 327 (Fla. 4th DCA 1998). Therefore, we cannot resolve the factual dispute in question. Accordingly, we reverse the trial court's order of dismissal and remand for Appellees to raise their factual arguments that Maloy is not a public official according to the factors provided in Wilkinson.
REVERSED and REMANDED.
KAHN, C.J., and HAWKES, J., concur.