PER CURIAM.
Appellants, Connie Andrew and William Andrew, individually, and Connie Andrew as personal representative of the Estate of Dustin Andrew, appeal the trial court’s order dismissing with prejudice counts 1 through 4 of their sixth amended complaint against Appellee Shands At Lake Shore, Inc. (“Shands”). Because the sixth amended complaint stated a cause of action against Shands, we reverse and remand.
Appellants sued Shands for the alleged negligence of the radiologist who provided care to their son at Shands’ facility. Appellants alleged in part that the radiologist was Shands’ employee, servant, apparent agent, or independent contractor, or acted within the course and scope of his employment through the joint venture between Shands and Appellee University of Florida Board of Trustees. Appellants attached to their sixth amended complaint, among other documents, Shands’ Certification and Authorization form, which contained a notice provision pursuant to section 240.215, Florida Statutes, stating in part that the patient acknowledges that he may receive care from radiologists who are not the employees or agents of Shands. Shands moved to dismiss on the ground that the notice provision refuted Appellants’ counts 1 through 4 and precluded their suit against Shands. The trial court granted the motion and dismissed Appellants’ claims with prejudice upon finding that they failed to state a cause of action against Shands.
“ ‘[T]he purpose of a motion to dismiss is to test the legal sufficiency of the complaint and not to determine issues of fact.’ “ Brock v. Bowein, 99 So.3d 580, 585 (Fla. 2d DCA 2012) (internal citation omitted). When ruling on a motion to dismiss, a court must confine its review to the allegations contained in the complaint and any attached documents and must “not ‘speculate as to what the true facts may be or what facts will be ultimately proved in the trial of the cause.’ “ Wells Fargo Bank, N.A. v. Bohatka, 112 So.3d 596, 600, 604 (Fla. 1st DCA 2013) (holding that the trial court erred by dismissing with prejudice a foreclosure complaint whose allegations contradicted the attached documents, and noting that “the ‘question of the sufficiency *1290 of the evidence which the plaintiff will likely be able to produce in a hearing on the merits, is wholly irrelevant and immaterial’ “ and that “[a] motion to dismiss is not a substitute for a summary judgment hearing or a trial”) (internal citations omitted); see also King v. Baptist Hosp. of Miami, Inc., 87 So.3d 39, 40-41, 43 (Fla. 3d DCA 2012) (reversing the order dismissing the hospital from the medical malpractice suit upon finding that the dismissal was premature where the appellant demonstrated a legal relationship between the allegedly negligent doctor and the hospital, and noting that “the allegations in a complaint should be taken as true without regard to the pleader’s ability to prove them” and that “ ‘[t]he relationship between hospital and doctor ... is often unclear and raises a question for the jury’ ”) (internal citations omitted); Leon Cnty. v. Stephen S. Dobson, III, P.A., 917 So.2d 278, 280 (Fla. 1st DCA 2005) (“When there are factual issues in dispute, an issue should not be resolved with a motion to dismiss.”). Since the allegations in the sixth amended complaint should be taken as true without regard to Appellants’ ability to prove them, the facts alleged stated a cause of action against Shands. Therefore, we reverse the trial court’s order of dismissal and remand for further proceedings.
REVERSED and REMANDED for further proceedings.
LEWIS, C.J., BENTON and SWANSON, JJ„ concur.