PER CURIAM.
Federal National Mortgage Association (“Fannie Mae”) appeals the trial court’s order granting the motion to dismiss brought by Legacy Parc Condominium Association, Inc. (“Legacy Parc”). This case involves a complaint for declaratory and injunctive relief filed by Fannie Mae to clarify the amount of condominium assessments it owes Legacy Parc. Fannie Mae argued that the amount was limited under safe harbor provisions in section 718.116, Florida Statutes (2014), and Legacy Parc’s Declaration of Condominium (“the Declaration”). Initially, the trial court ordered that the complaint be dismissed without prejudice, holding:
Plaintiff did not attach any documents to show that it acquired title as the first mortgagee or its assignee or successor by way of Bank of America’s mortgage foreclosure action. This documentation is necessary to show Plaintiff has standing to bring this action under either the Safe Harbor provision or the terms of the Declaration.
The trial court subsequently entered the order under review dismissing the complaint with prejudice. The reasoning for the dismissal with prejudice appears to be the same as set forth in the initial order of dismissal. Fannie Mae correctly contends that it did not need to attach evidence proving its allegations at the pleading stage and that it had standing to maintain the suit. We accordingly reverse the or *94 der and remand the case for further proceedings.
It was error for the trial court to require Fannie Mae to attach more documents to survive the motion to dismiss. Its cause of action was based not upon the underlying foreclosure suit but upon section 718.116 and the Declaration. Fannie Mae properly attached the Declaration to its complaint. See Contractors Unlimited, Inc. v. Nortrax Equip. Co. Se., 833 So.2d 286, 288 (Fla. 5th DCA 2002) (“A complaint based on a written instrument does not state a cause of action until the instrument or an adequate portion thereof, is attached to or incorporated in the complaint.” (citing Samuels v. King Motor Co. of Fort Lauderdale, 782 So.2d 489, 500 (Fla. 4th DCA 2001))).
Furthermore, Fannie Mae was not obligated to attach evidence proving its status as first mortgagee in its pleadings. “[T]he purpose of a motion to dismiss is to test the legal sufficiency of the complaint and not to determine issues of fact.” Andrew v. Shands At Lake Shore, Inc., 127 So.3d 1289, 1289 (Fla. 1st DCA 2013) (quoting Brock v. Bowein, 99 So.3d 580, 585 (Fla. 2d DCA 2012)). When ruling on a motion to dismiss a complaint, “the trial court must confine its review to the four corners of the complaint, draw all inferences in favor of the pleader, and accept as true all well-pleaded allegations.” Fox v. Prof'l Wrecker Operators of Fla., Inc., 801 So.2d 175, 178 (Fla. 5th DCA 2001) (citing Cintron v. Osmose Wood Preserving, Inc., 681 So.2d 859, 860-61 (Fla. 5th DCA 1996); City of Gainesville v. State, Dep’t of Transp., 778 So.2d. 519, 522 (Fla. 1st DCA 2001); Provence v. Palm Beach Taverns, Inc., 676 So.2d -1022, 1024 (Fla. 4th DCA 1996)). A party that owns and holds a first-priority mortgage is entitled to the benefit of the safe harbor provision. Beltway Capital, LLC v. Greens COA, Inc., 153 So.3d 330, 331 (Fla. 5th DCA 2014). Fannie Mae alleged in its complaint that it purchased the note and first-priority mortgage at issue and was therefore entitled to the safe harbor provision of section 718.116 and the Declaration. Taking these allegations as true, the facts stated a legally sufficient cause of action against Legacy Parc.
The trial court’s order also erroneously conflated standing with the merits of the case. “Standing is a legal concept that requires a would-be litigant to demonstrate that he or she reasonably expects to be affected by the outcome of the proceedings, either directly or indirectly.” Hayes v. Guardianship of Thompson, 952 So.2d 498, 505 (Fla.2006). A party’s standing is distinct from the merits of the case and should be considered separately. St. Martin’s Episcopal Church v. Prudential-Bache Secs., Inc., 613 So.2d 108, 110 n. 4 (Fla. 4th DCA 1993). Fannie Mae attached two documents to its complaint indicating its stake in the proceedings: 1) the certificate of title to the condominium showing that Fannie Mae purchased the property at the foreclosure sale; and 2) the Notice of Claim of Lien filed by Legacy Parc against Fannie Mae for the condominium assessments. These documents demonstrated that Fannie Mae would reasonably expect to be affected by the outcome of the case.
Accordingly, the order dismissing with prejudice the complaint filed by Fannie Mae is reversed, and this case is remanded to the trial court for further proceedings.
REVERSED and REMANDED.
SAWAYA, EVANDER and LAMBERT, JJ., concur.