DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOHNELL DAYTHWON LANG,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

Nos. 4D16-2545 & 4D16-2546

[October 25, 2017]

Consolidated appeals from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Jack Schramm Cox, Judge; L.T. Case Nos. 502010CF011286AMB & 502010CF011287AMB.

Carey Haughwout, Public Defender, and J. Woodson Isom, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Cynthia L. Comras, Assistant Attorney General, West Palm Beach, for appellee.

WARNER, J.

Appellant challenges the revocation of his probation in two criminal cases, contending that the trial judge departed from a position of neutrality when he conducted an independent investigation of a prior charge not offered by the State in its case. The judge used that information in evaluating the credibility of the witnesses. Because he departed from a position of neutrality, the judge did not afford appellant his due process right to an impartial magistrate. We therefore reverse and remand for proceedings before another judge.

Appellant was sentenced to prison time followed by probation for three crimes in two separate cases: lewd and lascivious battery on a person older than twelve, but less than sixteen, aggravated battery, and sexual battery of a person twelve years of age or older. After his release from prison, he violated his probation twice and was reinstated each time, after serving some time in jail. His probation officer filed a third violation of probation affidavit, which is the subject of this appeal, for an incident of indecent exposure which allegedly occurred while appellant was

incarcerated for the second violation of probation. Appellant was accused of exposing himself to a female jail deputy.

The female deputy testified at the violation hearing that she had worked for the Palm Beach County Sheriff's office for twenty-eight years. On the date in question, she was assigned to the jail's male dorm in which appellant was housed. The female deputy knew appellant and had supervised appellant on other occasions. As she was completing her duties, she saw appellant looking at her and stroking his penis. She approached appellant and he immediately put his penis back in his pants. She wrote up a report on the incident, which led to the filing of the affidavit of violation of probation.

After the deputy's testimony, the State asked the judge to take notice of the "clerk's file," to which the defense did not object. The judge queried the state as to what specifically the state was requesting the court to review, and the prosecutor designated the prior violations of probation and the orders reinstating probation. The defense objected to anything regarding the prior violations, because they were not relevant to whether appellant violated probation in this incident. Appellant's probation officer then testified to his supervision of appellant and the filing of the affidavit of violation for the exposure incident.

Appellant testified in his defense. A few days before the incident charged in the violation of probation, appellant had asked for supplies from the deputy, and she became aggravated with him, telling him that he would end up in jail again. On the date of the incident, appellant again asked the deputy for supplies, and she became aggravated again, telling appellant that he was doing it on purpose. She told him not to get off of his bed. He disobeyed her and went to the TV room. She entered the room and told him to pack his stuff, stating he didn't listen and she would get him out of her dorm. Appellant denied putting his hands in his pants or exposing himself. During the five years he was previously in prison, he never received a disciplinary report for anything like indecent exposure. The prosecutor did not attempt to impeach appellant on his testimony.

The prosecutor and the defense counsel both presented closing arguments. After the arguments were complete, the judge decided to pull up the appellant's criminal record in the clerk's database. He again asked the prosecutor which documents she wanted the court to see. Both the prosecutor and defense focused on the prior violations of probation and the orders reinstating probation, and the defense again objected on relevance grounds. The judge determined that he wanted to look at the clerk's file, because he found it hard to believe that the deputy would lie and risk her job by committing perjury, if the incident never happened.

The judge then asked whether there were any prior charges of indecent exposure. The prosecutor informed the judge that none of the prior violations of probation involved sexual matters, as they were all technical violations. Reviewing the clerk's complete database for appellant, the judge noted a closed misdemeanor case from 2011 for indecent exposure. The prosecutor indicated the case involved the deputy and appellant in the jail in "a different set of circumstances," and the defense objected that the information was outside the record and testimony. The judge overruled the objection, stating he was "kind of interested in knowing what that was" and suggesting the case was relevant to the "ongoing dispute" between appellant and the deputy. While the clerk noted that the charge was nolle prossed, the judge wanted to look at the probable cause affidavit, which the State was able to secure. In the prior incident, the deputy had reported that while in jail appellant had masturbated while staring at her. After reviewing the affidavit, the court noted "this is almost an identical situation." The judge commented that he would use the case to determine if it was more probable that the deputy or appellant was lying. Given that the indecent exposure had happened twice, the judge found that the deputy was more credible and that appellant had committed a willful violation of probation.

At sentencing, the state requested that the court revoke appellant's probation and sentence him to 8.8 years. The defense asked for reinstatement of probation. The judge again asked about the nolle prossed misdemeanor. He then revoked appellant's probation and sentenced him to ten year concurrent terms on the underlying criminal convictions, with credit for time served, from which orders appellant appeals.

"[E]very litigant is entitled to nothing less than the cold neutrality of an impartial judge," especially when the judge acts as the finder of fact. *State ex rel. Davis v. Parks*, 194 So. 613, 615 (Fla. 1939); *McFadden v. State*, 732 So. 2d 1180, 1183, 1185 (Fla. 4th DCA 1999). The Due Process Clause entitles a defendant to a neutral and detached tribunal in a VOP hearing. *Sears v. State*, 889 So. 2d 956, 959 (Fla. 5th DCA 2004).

In *J.F. v. State*, 718 So. 2d 251, 252 (Fla. 4th DCA 1998), we held that a trial court departed from a position of neutrality by insisting on the presentation of fingerprint testing which was not ready nor requested by the state to be presented at trial. We explained,

> While is it permissible for a trial judge to ask questions
> deemed necessary to clear up uncertainties as to issues in
> cases that appear to require it, the trial court departs from a
> position of neutrality, which is necessary to the proper

> functioning of the judicial system, when it sua sponte orders the production of evidence that the state itself never sought to offer into evidence.

*Id.* (citations omitted). This case is similar to *J.F.* After the close of the trial, the court sought to review appellant's entire record and discovered a misdemeanor conviction. The misdemeanor was not one of the charges resulting in the previous violations of probation, nor did the State ever seek to use it to impeach the appellant. The defense objected to the judge's consideration of the misdemeanor, because it was beyond the evidence in the case. Nevertheless, the trial judge persisted in seeking information about the prior nolle prossed misdemeanor. Just as in *J.F.*, the judge sought the production of evidence which the state never sought to offer into evidence. The judge departed from a position of neutrality, depriving appellant of his due process right.

While the state now argues that the 2011 misdemeanor somehow was part of the "clerk's file," for which it sought judicial notice at the beginning of the trial, it is clear that the state's request for the judge to review the court file meant the file of the underlying criminal offenses on which prior violations of probation had been filed. The prosecutor never mentioned the 2011 incident, which was a separate charge and separate file, and did not request that the judge view it. *See City of Sunrise v. Hinton*, 569 So. 2d 891, 891 (Fla. 4th DCA 1990) (noting a party must request the court to take notice of other proceedings); *see Kelley v. Kelley*, 75 So. 2d 191, 193 (Fla. 1954) ("A court should not be required or permitted to browse amongst its own records . . . , where the object of the inquiry is to arrive at its own particular judgment in whole or in part on an extraneous record not introduced[.]") (citations omitted.)

The record is also abundantly clear that this evidence gathered by the judge was crucial to his credibility determinations, as well as the sentence he ultimately imposed. Because the judge acted as prosecutor in securing additional evidence and then using that evidence in his deliberation, the appellant was deprived of a neutral magistrate.

For the foregoing reasons, we reverse the revocation of probation and sentence and remand for new proceedings in front of a different trial judge.

DAMOORGIAN and LEVINE, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***