# Third District Court of Appeal

## State of Florida

Opinion filed December 3, 2025.
Not final until disposition of timely filed motion for rehearing.

————————

Nos. 3D24-0211 & 3D24-0936
Lower Tribunal No. 22-21983-CA-01

————————

**Fox One**, LLC,
Appellant,

vs.

**City of Miami**,
Appellee.


Appeals from the Circuit Court for Miami-Dade County, Thomas J. Rebull, Judge.

The Ferro Law Firm, P.A., and Simon Ferro, Leon Cosgrove Jimenez, LLP, and Scott B. Cosgrove, for appellant.

George K. Wysong III, City Attorney, and Eric J. Eves, Assistant City Attorney Supervisor, for appellee.


Before EMAS, MILLER, and LOBREE, JJ.

MILLER, J.

These consolidated appeals implicate amendments the Florida Legislature enacted in 2019 to the Florida Building Codes Act, which prohibit local governments from amassing and retaining surpluses garnered from building permitting and inspection fees. Appellant, Fox One, LLC, appeals from a final judgment and antecedent interlocutory order dismissing all claims for monetary relief alleged against appellee, the City of Miami, in the second amended complaint in its putative class action lawsuit. The crux of the claims was that the City unlawfully charged building permitting and inspection fees and failed to rebate the surplus exceeding the average of its operating budget for the last four fiscal years. The trial court dismissed the complaint on the grounds that Fox One could not recover any surplus that was generated from the fees paid before the statutory amendments were enacted because no cause of action existed prior to that date. Concluding that this issue cannot be disposed of on a motion to dismiss, we reverse.

I

Before July 1, 2019, local governments were authorized to carry forward unexpended revenues collected from permitting and building fees to future years or refund fees at their discretion. Effective July 1, 2019, the legislature amended the Florida Building Codes Act, prohibiting local governments from carrying forward any unexpended revenue exceeding the

2

average of their operating budgets for enforcing the Code over the previous four fiscal years. See § 553.80(7)(a), Fla. Stat. (2019). Any excess revenue under the amendments must be used to rebate or reduce fees. See id. § 553.80(7)(a)2. The amendments authorized an exception for those local governments that established a Building Inspections Funds Advisory Board as of January 1, 2019. See id. § 553.80(7)(a).

In 2022, Fox One filed suit seeking a refund of fees paid during the 2017 to 2018 fiscal year with a group of similarly situated plaintiffs requesting similar relief. The City moved to dismiss, contending that the 2019 amendment could not be used to support a rebate of fees collected before the effective date of the statute. The trial court granted the motion. Fox One voluntarily dismissed its remaining causes of action, and this consolidated appeal ensued.

## II

## A

"On a motion to dismiss for failure to state a cause of action, the standard of review is de novo." People's Tr. Ins. Co. v. Alonzo-Pombo, 307 So. 3d 840, 842 (Fla. 3d DCA 2020). "In doing so, we are confined to the four corners of the complaint and attachments, and we must accept all well-

3

pleaded allegations as true." Steinmetz v. Pickholtz, 414 So. 3d 309, 312 (Fla. 3d DCA 2025).

**B**

To resolve this appeal, we must determine whether surpluses derived for building and permitting fees collected before July 1, 2019, are exempt from the statutory carrying forward prohibition and rebate provision. Section 553.80(7), Florida Statutes, provides, in pertinent part: "A local government may not carry forward an amount exceeding the average of its operating budget for enforcing the Florida Building Code for the previous 4 fiscal years . . . . Any amount exceeding this limit must be used as authorized in subparagraph [(a)]2." § 553.80(7), Fla. Stat. Subparagraph two, in turn, states: "[a] local government must use any excess funds that it is prohibited from carrying forward to rebate and reduce fees . . . ." Id. § 553.80(7)(a)2.

Absent ambiguity, "we need only resort to what Justice Thomas has described as the 'one, cardinal canon [of construction] before all others'— that is, we 'presume that a legislature says in a statute what it means and means in a statute what it says there.'" Page v. Deutsche Bank Tr. Co. Ams., 308 So. 3d 953, 958 (Fla. 2020) (quoting Connecticut Nat. Bank v. Germain, 503 U.S. 249, 253-54 (1992)). And here, the statutory language is clear and unambiguous. Section 553.80(7)(a)2 prohibits local governments from

4

carrying forward surpluses after the effective date of the statute. There is no exception for surpluses accumulated before July 1, 2019.

Indeed, the legislature did carve out an exception to the carrying forward prohibition. Those local governments that established an advisory board as of January 1, 2019, are permitted to carry forward revenues. See § 553.80(7)(a), Fla. Stat. We decline the invitation to engraft another exception. See Young v. Progressive Se. Ins. Co., 753 So. 2d 80, 85 (Fla. 2000) ("Under the principle of statutory construction, expressio unius est exclusio alterius, the mention of one thing implies the exclusion of another." (citation omitted)); see also State v. C.M., 154 So. 3d 1177, 1180 (Fla. 4th DCA 2015) (quoting Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 93 (2012) ("[T]he 'Omitted–Case Canon,' mean[s] 'nothing is to be added to what the text states or reasonably implies (*casus omissus pro omisso habendus est*). That is, a matter not covered is to be treated as not covered.")); Fla. Dep't of Revenue v. Fla. Mun. Power Agency, 789 So. 2d 320, 324 (Fla. 2001) ("Under fundamental principles of separation of powers, courts cannot judicially alter the wording of statutes where the Legislature clearly has not done so."); Morgan v. Amerada Hess Corp., 357 So. 2d 1040, 1043 (Fla. 1st DCA 1978) ("To engraft into the

statute an exception which the legislature did not see fit to itself put in the statute would amount to judicial legislation.").

The City's reliance on the 2018 version of the statute does not compel any different conclusion. It is true that the 2018 version governed at the time the City collected Fox One's fees. But that version does not govern the prospective retention and use of the funds post-collection. Instead, each local government must comply with the requirement imposed by the statute at the end of each fiscal year after the enactment.

Finally, to the extent the City raises persuasive arguments it is shielded by waiver, the funds were committed or allocated before the enactment of the amendment, and others had rebate priority over Fox One, hence Fox One does not stand to recover, we cannot stray from our four-corners review. These inquiries all entail factual questions, which are incapable of resolution on a motion to dismiss. See Leon Cnty. v. Stephen S. Dobson III, P.A., 917 So. 2d 278, 280 (Fla. 1st DCA 2005) ("When there are factual issues in dispute, an issue should not be resolved with a motion to dismiss.").

Reversed and remanded.

6